## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   8:07CR365 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| RAUL SANCHEZ-RIOS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 87) and brief in support thereof (Filing No. 88) filed by Defendant Raul Sanchez-Rios.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process as follows:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Pursuant to Rule 4(b), the Court has conducted an initial review of the motion.  For the reasons stated below, it appears plainly from the face of the motion and the record that Defendant is not entitled to relief.  Accordingly, all claims will be summarily denied and the motion will be dismissed.

## BACKGROUND

On June 16, 2008, Defendant entered a plea of guilty before Magistrate Judge F. A. Gossett to Count I of the Superseding Indictment, which charged Defendant with a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute

500 grams or more of methamphetamine.  (Filing No. 66.)  An interpreter was present at the change of plea hearing.  Defendant was placed under oath, and thereafter stated the following: he was satisfied with the performance and advice of his attorney, Bassel El-Kasaby; no one made any threat or promise to get him to plead guilty; he voluntarily was pleading guilty to Count I of the Superseding Indictment; he committed each and every one of the elements of the crime of conspiracy to possess with intent to distribute methamphetamine; and he understood he was subject to a ten-year (120-month) mandatory minimum sentence and the maximum term of imprisonment was life.  (Filing No. 73.)  Defendant also signed a written plea agreement that stated the following: Defendant will plead guilty to Count I of the Superseding Indictment; Defendant is exposed to imprisonment of ten years to life; and no promises, agreements or conditions have been entered into other than those set forth in the agreement.  (Filing No. 71.)  Pursuant to the plea agreement, Defendant agreed not to seek or suggest a sentence reduction via variance or deviation from the Guidelines.  (*Id.*)

On July 14, 2008, the Court adopted Judge Gossett's recommendation, accepted Defendant's plea, and found Defendant guilty.  (Filing No. 74.)  A presentence report was prepared, which, among other things, noted that the relevant statutory sentencing provisions mandated a ten-year minimum sentence, the potential for a fine, and that "[t]he likelihood of deportation appears to prohibit consideration for community service in lieu of a fine . . . ."  (Filing No. 79 at 14.)  No objections to the presentence report were filed, and no motions for downward departure were filed by the government.  On September 8, 2008, Defendant was sentenced to a 120-month term of imprisonment and a five-year term of supervised release.  (Filing No. 77.)  An interpreter was present at the sentencing hearing.

2

Judgment was entered on September 15, 2008. (Filing No. 81.) Defendant did not file an appeal with the Eighth Circuit Court of Appeals.

On December 26, 2012, Defendant filed the instant § 2255 motion and brief in support, in which he appears to assert three grounds for relief.[1] First, herein referred to as Ground I, Defendant states that his attorney was ineffective for failing to advise him about the consequences that pleading guilty would have on his immigration status. (Filing No. 88 at 1.) Second, herein referred to as Ground II, Defendant states that his attorney was ineffective for failing to advise him about the enhancements used at the sentencing hearing and that his sentence of 180 months was different than the one he was led to believe he would receive. (*Id*. at 2.) Finally, herein referred to as Ground III, Defendant asks the Court to review his eligibility for a fast-track departure pursuant to United States Sentencing Guideline § 5K3.1. (*Id*. at 7.)

In addition to the above stated grounds for relief, Defendant also addresses the timeliness of his motion. He notes the one-year statute of limitations set forth in § 2255(f)(1). However, Defendant argues that his motion is timely because the Supreme Court's decision in *Padilla v. Kentucky*, – U.S. –, 130 S. Ct. 1473 (2010), recognized a new right that should retroactively apply.[2]

---

[1] For clarity and to reduce redundancy, the numbering of claims herein differs somewhat from Defendant's numbering of his claims. The claims may be referred to by the parties as they are numbered in this Memorandum and Order.

[2] Defendant also cites *Lafler v. Cooper*, – U.S. –, 132 S. Ct. 1376 (2012), *Missouri v. Frye*, – U.S. –, 132 S. Ct. 1399 (2012), and *Martinez v. Ryan*, – U.S. –, 132 S. Ct. 1309 (2012), apparently as additional support for the timeliness of his motion under § 2255(f)(3). (Filing No. 88 at 5-6.) Defendant does not adequately explain how these opinions are relevant to this case, and the Court does not find them applicable. *See Buenrostro v. United States*, 697 F.3d 1137, 1139-1140 (9th Cir. 2012) ("First, *Martinez* . . . did not announce a new rule of constitutional law. . . . Second, *Martinez* . . . concerns procedural default based on ineffective assistance of habeas

**DISCUSSION**

A motion brought pursuant to § 2255 "is not a substitute for a direct appeal." *Boyer v. United States*, 988 F.2d 56, 57 (8th Cir.1993).  Defendant did not file a direct appeal and therefore cannot assert a claim in this § 2255 proceeding that could have been asserted on appeal, absent a showing of cause and prejudice.  *Id.*  In order to show cause, Defendant must establish that "some objective factor external to the defense" impeded his ability to present his claim on appeal. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quotation omitted). A claim of ineffective assistance of counsel may constitute cause sufficient to exempt Defendant from this procedural bar.  *Id*. at 494.  After establishing cause, Defendant "must show actual prejudice resulting from the errors of which he complains."  *Id.* (quotation omitted).

With regard to timing, the general rule under § 2255(f)(1) is that a one-year statute of limitations begins to run on the date that the conviction became final.   28 U.S.C. § 2255(f)(1). Because Defendant did not file a direct appeal and the narrowly applied doctrine of equitable tolling does not apply (because Defendant has made no showing that extraordinary circumstances beyond his control made it impossible for him to file timely his § 2255 motion, *see United States v. McIntosh,* 332 F.3d 550, 550 (8th Cir. 2003)), his conviction became final when the ten-day period for filing a notice of appeal expired.[3] Fed.R.App.P. 4(b)(1)(A), 26(a)*; see Murray v. United States*, 313 F. App'x 924 (8th Cir.

─────────────

counsel in state habeas proceedings. . . . Finally, neither *Frye* nor *Lafler* . . . decided a new rule of constitutional law.").

[3] Defendant was sentenced before the effective date of the 2009 amendments to the Federal Rules of Appellate Procedure that changed the time for filing a notice of appeal to 14 days and that changed the time computation approach to including intermediate weekends and holidays.

4

2009) (finding that, when defendant did not file a direct appeal, his conviction became final upon expiration of the time for filing notice of appeal).  As the judgment was entered on September 15, 2008, the conviction became final on September 30, 2008, and under most circumstances a § 2255 motion needed to be filed within one year of that date.[4]

Nevertheless, claims that involve a right newly recognized by the Supreme Court may instead be considered one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  On March 31, 2010, the Supreme Court issued its decision in *Padilla*, wherein it found that a claim that counsel failed to advise a defendant of the immigration consequences of pleading guilty is subject to the two-pronged analysis set out in *Strickland v. Washington*, 466 U.S. 688 (1984).  *Padilla*, 130 S. Ct. at 1482.  Since that ruling, the circuits have split in deciding whether *Padilla* is a new rule of constitutional law (which, subject to narrow exception, would not apply retroactively on collateral review) or a new application of an old rule (which would apply retroactively on collateral review).[5]  However, regardless of whether the rule announced in *Padilla* will be retroactively applied, the one-year period set forth in § 2255(f)(3) begins to run on "the date on which the right

---

[4] An amended judgment was filed two days after the initial judgment to correct a clerical mistake.  (Filing No. 83.)  The Court's decision below would not be affected if it used this later date to determine the date Defendant's conviction became final.

[5] Although not fully resolved in this circuit, the Eighth Circuit Court of Appeals has recently found that "[r]egardless of whether *Padilla* is retroactive, a defendant cannot satisfy *Strickland*'s prejudice prong when 'the PSR indicated a likelihood that [the defendant] would be deported if convicted; [the defendant] confirmed that he had read the PSR, discussed it with his counsel, and understood it; and [the defendant] never moved to withdraw his guilty plea." *Abraham v. United States*, 699 F.3d 1050, 1053 (8th Cir. 2012) (quoting *Correa–Gutierrez v. United States*, 455 F. App'x 722, 723 (8th Cir. 2012) (unpublished per curiam)).

5

asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3).  "An applicant has one year from the date on which the right he asserts was initially recognized by this Court."  *Dodd v. United States*, 545 U.S. 353, 357 (2005).  "The relevant date is the date of the Supreme Court opinion, not the date a lower court applies the right retroactively."  *United States v. Estrada-Perez*, No. 02-403(3)(DSD/AJB), 2011 WL 2965249, at *2 (D. Minn. July 22, 2011) (finding untimely a § 2255 motion filed on June 20, 2011 because *Padilla* was decided over a year earlier).

Defendant asserts claims that his attorney was ineffective.  In order to establish a claim of ineffective assistance of counsel, Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland*.  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Strickland*, 466 U.S. at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id*. at 687.

**Ground I**

Defendant, in Ground I, argues that his counsel was ineffective for failing to advise him about the immigration consequences of pleading guilty to Count I. This ground is untimely pursuant to § 2255(f)(1).  Further, even if *Padilla* is to be applied retroactively, Defendant filed his motion on December 26, 2012, well over a year after *Padilla* was decided.  It is therefore untimely pursuant to § 2255(f)(3).  Accordingly, Ground 1 will be denied.

**Ground II**

Defendant, in Ground II, asserts that his counsel was ineffective for failing to advise him about the enhancements used at the sentencing hearing, and that his sentence of 180 months was different than the one he was led to believe he would receive. This ground is untimely pursuant to § 2255(f)(1), and will be denied for that reason. Further, the facts stated in support of this ground are not consistent with the record.[6] Defendant was sentenced to a 120-month term of imprisonment, not a 180-month term. No enhancements were applied to determine Defendant's sentence; rather, Defendant was warned of his statutory minimum sentence at his plea hearing, and he was subsequently sentenced to that minimum. Accordingly, even if evaluated on the merits Ground II would be rejected.

**Ground III**

Defendant, in Ground III, asserts that the Court erred in failing to review his eligibility for a fast-track departure under § 5K3.1 of the sentencing guidelines. Defendant did not challenge his sentence on direct appeal and cannot seek a downward departure on this basis for the first time in these collateral proceedings. This ground therefore will be denied as procedurally barred. Further, even if asserted as a claim for ineffective assistance of counsel, Ground III is untimely pursuant to § 2255(f)(1) and could alternatively be denied for that reason. Finally, Defendant was warned of his statutory minimum sentence at his plea hearing, and he was subsequently sentenced to that minimum. The government

---

[6] In addition to those noted above, other factual inaccuracies are set forth in Defendant's brief. For example, he states that he pled guilty in April of 2003 (Filing No. 88 at 5) and that he was sentenced pursuant to criminal history category I (*id.* at 12).

made no motion for downward departure, as required by § 5K3.1.  Defendant was not eligible for a departure under § 5K3.1 and therefore suffered no prejudice.  Merely pointing to the disparity created by fast-track programs is insufficient to obtain the relief sought. Accordingly, even if evaluated on the merits Ground III would be rejected.

**CONCLUSION**

For the reasons discussed herein, it appears plainly from the face of the instant § 2255 motion and the record that Defendant is not entitled to relief.  Accordingly,

IT IS ORDERED:

1.      The Court has completed the initial review of Defendant Raul Sanchez-Rios' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 87) and brief in support (Filing No. 88);

2.      Upon initial review, the Court summarily denies all of Defendant's claims raised in his § 2255 motion and brief (Filing Nos. 87, 88);

3.      A separate Judgment will be issued dismissing the § 2255 motion (Filing No. 87); and

4.      The Clerk is directed to mail a copy of this Memorandum and Order to Defendant at his last known address.

DATED this 10th day of January, 2013.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

8